Somerset Bank *v.* Veghte.

THE PRESIDENT, DIRECTORS AND COMPANY OF THE SOMER-
SET COUNTY BANK

*v.*

JOHN V. VEGHTE.

1. A bill was filed against a defendant by the directors of a bank, alleging embezzlements of its funds by him when cashier thereof, between 1862 and 1874, when he was elected president, and thenceforth held that office continuously until 1880, during all which time, it was alleged, he fraudulently concealed the fact of his embezzlements, and it was also alleged that they were not discovered until 1881, when complainants employed an expert to examine the bank's books.—*Held*, that the statute of limitations might be pleaded to the bill.

2. A plea in equity setting up the statute of limitations and denying the fraud imputed to defendant, is known as an anomalous plea, and it should always be accompanied by an answer *in subsidium*. In this case the bill contained a general charge of fraud merely, with no specification, and waived answer on oath.—*Held*, that the discovery usually sought by the bill in order to remove the bar of the statute was also practically waived; in view whereof, and of the fact that no objection to the want of such answer was raised—*Held, also*, that the requirement of the rule might in this case be disregarded.

Bill for account.    On argument of plea in bar.

*Messrs. Bartine & Griggs*, for complainants.

*Mr. F. J. Frelinghuysen* and *Mr. A. A. Clark*, for defendant.

THE CHANCELLOR.

The bill states that in 1862, after the bank was incorporated, it appointed the defendant its cashier, and that he assumed the duties and emoluments of the office accordingly, and took into his custody all the moneys, securities, papers, books and accounts of the bank, and so became bound to account to the bank therefor ; that he continued to hold the office continuously for twelve years ; that during the whole of that time, and while he was

Somerset Bank v. Veghte.

cashier, he kept an account in the bank in his own name as county collector; that he so falsified and manipulated his accounts and the books of the bank that, at or about certain dates mentioned in the bill, he fraudulently embezzled and appropriated to his own use certain specified sums of money, together amounting to $2,214.60, so far as discovered, which belonged to and were held in trust by the bank, and which it was obliged by law to pay and which it did afterwards pay to the collector of Somerset county; that when, in 1874, the defendant, at the end of the twelve years, ceased to be cashier of the bank, he was at once made and became president of the institution, and thereupon assumed the responsibilities and emoluments of that office, and continued therein until 1880, and that while continuing in the offices of cashier and president he fraudulently concealed the fact of his embezzlement so that the complainants did not and could not discover it by reason of such fraudulent concealment until they employed an expert to examine the books in May and June, 1881, when they first learned of the embezzlement. The bill prays answer without oath, and prays for an account and for a decree that the defendant pay what may be found due upon the account. The defendant has pleaded to the whole of the bill. By the plea he denies the imputed embezzlement, concealment and fraud, and the alleged falsification and manipulation of the account; denies that he is indebted to the bank in the sums mentioned in the bill or any of them, and avers that the moneys, with the receipt and embezzlement whereof the bill charges him (but he denies the embezzlement), were embezzled more than six years before he was served with any process of this court to answer the bill, or any process whatever to account therefor. He expressly denies that by reason of his alleged fraudulent concealment the complainants could not discover the embezzlement, if there had been any, until they employed an expert to examine the books and accounts in May and June, 1881, and alleges that any failure to make such discovery, if there had been any embezzlement or subtraction of funds as charged, was due to their own neglect and carelessness; that for nine years—from 1874 to the time of filing the bill—the complainants had cashiers other than the de-

fendant, and that if there had been such embezzlement or sub-traction of funds as is charged against him, it must have been known to such cashiers and to the other officers of the bank. The plea then sets up the statute of limitations in bar to the whole of the complainants' demand.

The complainants' counsel insist that the plea is not good because it sets up the statute of limitations as a bar to a claim that the defendant fraudulently obtained the complainants' money and fraudulently concealed the fact that he had done so up to a period within six years before the time of filing the bill. The plea of the statute is a good plea in equity as well as at law. Where the complainants' claim is based upon a fraud which the defendant has concealed until sufficient time has run to enable him to set up the statute, the statutory period will not, in equity, be considered to have commenced until the fraud is discovered or until it would have been discovered had reasonable diligence been exercised. *Todd* v. *Rafferty, 3 Stew. Eq. 254; Story Eq. Jur.* § *1521.* It is not so at law. *Somerset Freeholders* v. *Veghte, 15 Vr. 509.* Direct trusts, as between trustee and *cestui que trust,* are not reached by the statute. But the case in hand is not one of those to which the statute is not applicable. The alleged fraud was in the embezzlement by the defendant, while acting as cashier of the complainants, of their money entrusted to his hands. The claim against him arising therefrom is one cogniza-ble at law. If so, the statute applies to it in equity. *Kane* v. *Bloodgood, 7 Johns. Ch. 90 ; Ang. on Lim.* § *178.* The com-plainants' counsel insist that in the case of *Williams* v. *Reilly, 14 Stew. Eq. 137,* it was held that one who was sued in this court for dereliction and malfeasance in an office similar to that held by the defendant, could not avail himself of the statute of limi-tations. In that case, the suit was indeed against the defendant for dereliction and malfeasance in the office of treasurer of a savings bank, and it was held that the statute of limitations was not a defence to the bill ; but it was so adjudged on the ground that he was a member of the board of managers of the bank, and the object of the bill was to charge him, in the interest of the depositors, with dereliction of duty as a manager holding an

office of special trust (the office of treasurer) in the management. It was held in *Williams* v. *McKay, 13 Stew. Eq. 189,* that the managers of a savings bank stand in the relationship of trustees to the depositors, so that the statute of limitations will not be a bar against a charge of mismanagement on their part which occurred more than six years before the filing of the bill.

The plea in this case is what is known as an anomalous plea, because it is partly affirmative and partly negative—affirmative in setting up the statute, and negative in denying the fraud. *Story Eq. Pl.* § *802 ; Lang. Eq. Pl.* § *101.* And that is the form of a plea of the statute in such a case. *Mitf. Eq. Pl. 269 ; Story Eq. Pl.* § *754.*

It is a rule that anomalous pleas must always be supported by an answer *in subsidium* as to the allegations which constitute the replication and as to all charges of evidence, if any, in support of such allegations. *Lang. Eq. Pl.* § *101; Bea. Pl. in Eq. 171.* The plea in this case is not accompanied by an answer. No objection is made, however, to it on that account. On the subject of concealment, the bill merely alleges that the defendant, while cashier and president, concealed the fraud, so that the complainants did not discover it until 1881, and it prays answer without oath. A mere unsworn general denial would therefore have answered the call of the bill in respect to the alleged concealment. The object in requiring the answer is to obtain a discovery which may prove a case which will displace the bar. But where the bill contains a general charge of fraud merely, with no specification, and waives answer upon oath, discovery in aid of the complainants' charge of fraud is practically and substantially waived also. In view of these considerations, and of the fact that no objection is made on the ground that the defendant has not answered, the requirement of the rule, may in this case very properly be disregarded. The plea is good in form and substance.